UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTORIA N. OKAKP -MBAH, an individual,

    Plaintiff,

vs.

MEGAN BRENNAN, Postmaster General,

    Defendant.

Case No. 1:19-cv-____

**COMPLAINT**

William F. Piper (P38636)
William F. Piper, P.L.C.
Attorney for Plaintiff
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009

    The plaintiff Victoria Okakpu-Mbah, by and through her attorney William F. Piper, PLC., for her complaint, states as follows:

## JURISDICTIONAL ALLEGATIONS

1.    The plaintiff is a woman, originally from Nigeria, who is a naturalized American citizen. She has dark skin, she was born in 1958, and she lives in the County of Kalamazoo, State of Michigan.

2.    The defendant is the Postmaster General of the United States.

3.    This case arises out of the plaintiff's employment by the defendant and its termination of her employment by it on January 13, 2017 at the defendant's facility in Oshtemo Township, County of Kalamazoo, State of Michigan.

4. This case arises under *Title VII of the Civil Rights Act of 1964, as amended*, 42 USC § 2000 e et seq. and the *Age Discrimination in Employment Act*, 29 USC § 621, et seq.

## COMMON ALLEGATIONS

5. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-4 of this complaint.

6. In early 2016, the defendant hired the plaintiff to work as a transitional employee in its Oshtemo distribution facility.

7. The plaintiff worked as well as she could, was accurate, and was always improving, but her performance and comfort level at work were inhibited by the racial tension and hostility that pervaded the workplace.

8. On December 23, 2016 a white co-worker of plaintiff charged the plaintiff on the line, spit on her face, screamed at her, called her a "fucking old, African piece of shit," and voiced other racist and ageist derogatory terms towards her while berating her verbally.

9. The plaintiff tried to maintain her dignity amidst the ongoing battery and verbal assault.

10. After that, the plaintiff had a hard time concentrating at work, and she nervous and emotionally upset.

11. Also afterwards, the plaintiff reported the incident and requested an investigation.

12. The defendant merely advised the white woman who had assaulted, battered, and greatly offended the plaintiff to go to employee assistance counseling.

13. The defendant did not discipline the white woman in question, much less terminate her employment, because the defendant's supervisor wanted to protect the employee, because her attitudes were her own.

14. The defendant , shortly after December 23, 2016, decided to terminate the employment of the plaintiff.

15. The defendant determined to terminated the employment of the plaintiff because of her race, national origin, and age, and in retaliation against her because she had complained about the December 23, 2016 incident.

16. White supervisors and hourly workers even talked about and gloated about the termination of the plaintiff.

17. As a result of the incident described above, the plaintiff had suffered and will continue to suffer a loss of income and benefits, emotional distress, a loss of employment of life, and other consequential damages.

## COUNT I – RACIAL AND AGE_ HARRASSMENT

18. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-17 of this complaint.

19. The severe incident on December 23, 2016, and its aftermath, created a hostile, intimidating and offensive work environment to the plaintiff because of her race, natural origin and age.

20. The hostile work environment negatively affected the plaintiff's work and work environment, causing her severe emotional distress and fear, affecting her employment.

21. As a result of the hostile work environment, the plaintiff suffered and will continue to suffer the damages described above.

22. This claim is actionable under *Title VII of the Civil Rights Act of 1964, as amended*, 42 USC § 2000 e et seq. and the *Age Discrimination in Employment Act*, 29 USC § 621, et seq.

**WHEREFORE**, the plaintiff requests a judgment against the defendant that would include equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for her loss of income past and future; compensation for all intangible damages she suffered and will continue to suffer, liquidated damages recoverable under 29 U.S.C. §626(b), and all recoverable interest, attorney's fees and any other relief this court deems fair and just.

## COUNT II –RACE AND NATIONAL ORIGIN DISCRIMINATION

23. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-22 of this complaint.

24. The defendant terminated the employment of the plaintiff because of her race and natural origin.

25. As a result of the termination set forth above, the plaintiff suffered and will continue to suffer the damages set forth above.

26. This claim is actionable under *Title VII of the Civil Rights Act of 1964, as amended*, 42 USC § 2000 e et seq.

**WHEREFORE**, the plaintiff requests a judgment against the defendant that would include equitable relief, including reinstatement or front pay; appropriate legal relief, including compensation for her loss of income past and future; compensation for all intangible damages she suffered and will continue to suffer, and all recoverable interest, attorney's fees and any other relief this court deems fair and just.

## COUNT III – AGE DISCRIMINATION

27. The plaintiff restates and realleges as though fully set forth herein paragraphs 1-26 of this complaint.

28. The defendant terminated the employment of the plaintiff because of her age and the perception it had of her because of her age.

29. As a result of the wrongful termination set forth above the plaintiff suffered and will continue to suffer damages set forth above.

30. This claim is actionable under the *Age Discrimination in Employment Act*, 29 USC § 621, et seq.

**WHEREFORE**, the plaintiff Victoria Okakpu-Mbah requests a judgment against the defendant that would include appropriate equitable relief, including instatement or front pay; appropriate legal relief, including compensation for her loss of income and benefits past and future, compensation for all intangible damages she suffered and will continue to suffer in the future; liquidated damages recoverable under 29 U.S.C. §626(b); and all recoverable interest, attorney's fees and any other relief this court deems fair and just.

## COUNT IV – RETAILIATION

31.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-30 of this complaint.

32.     The defendant terminated the employment of the plaintiff in retaliation against her because she had complained about racial and ageist harassment and discrimination.

33.     As a result of the termination set forth above, the plaintiff suffered and will continue to suffer the damages set for above.

34.     *Title VII of the Civil Rights Act of 1964, as amended*, 42 USC § 2000 e et seq. and the *Age Discrimination in Employment Act*, 29 USC §  621, et seq.

**WHEREFORE**, the plaintiff Victoria Okakpu-Mbah requests a judgment against the defendant that would include appropriate equitable relief, including instatement or front pay; appropriate legal relief, including compensation for her loss of income and benefits past and future, compensation for all intangible damages she suffered and will continue to suffer in the future; liquidated damages recoverable under 29 U.S.C. §626(b); and all recoverable interest, attorney's fees and any other relief this court deems fair and just.

Dated: November 15, 2019					WILLIAM F. PIPER, PLC.
							Attorney for Plaintiff


							By:	/s/ William F.  Piper
								William F. Piper (P38636)
							BUSINESS ADDRESS:
								1611 West Centre Ave., Ste 209
								Portage, Michigan 49024
								Phone: 269.321.5008
								Fax: 269.321.5009

6